**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JATORA L. SANDERS and HERMAN T. BELL,

        Plaintiffs,

v.

PALMER, *et al.*,

        Defendants.

                                          /

Case No. 09-10847

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER**

**TERMINATING PARTIES AND AMENDING THE CASE CAPTION,**

**GRANTING DEFENDANT CITY OF FLINT'S MOTION TO DISMISS [6],
AND DISMISSING WITH PREJUDICE COUNTS ONE THROUGH SIX,**

**GRANTING THE STATE DEFENDANTS' MOTION TO DISMISS [7],
AND DISMISSING WITHOUT PREJUDICE COUNTS SEVEN THROUGH ELEVEN,**

**and**

**DISMISSING THE CASE**

    Before the Court are Motions to Dismiss filed by Defendant Flint Police Department [6] and the "State Defendants" in this action [7].

**I. INTRODUCTION**

    Jatora Sanders ("Plaintiff") initiated this action by filing a Complaint [1] and an application to proceed *in forma pauperis* [2], which this Court granted in a prior Order [3]. After the named defendants filed their respective Motions to Dismiss [6] and [7], Plaintiff filed an Application for Appointment of Counsel [8], which was denied. However, the Court granted Plaintiff's Motion to Extend Time to File Amend Complaint, Obtain an Attorney [11]. That Order [12] compelled Plaintiff "to enlist the assistance of counsel and to file, through counsel, a

1

first amended complaint or responses to Defendants' pending Motions to Dismiss [6] and [7]."

Plaintiff did not obtain an attorney. Instead, on the final date specified in the Court's Order [12], Plaintiff filed a Response [15] to Defendant Flint Police Department's Motion to Dismiss [6], and also a Response to the State Defendants' Motion to Dismiss. Eleven days later, Plaintiff filed an Amendment to Complaint [17].

### A. *THE AMENDED COMPLAINT*

The Amended Complaint [17] is newly signed by co-Plaintiff Herman Bell. Therein, Jatora Sanders and Herman Bell purport to bring this action as individuals and on behalf of three minor children: JJS, JRS, and KJB.

Plaintiff was permitted to amend her complaint upon her suggestion that she would submit future filings through an attorney. Nevertheless, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." Because the amendment of the Complaint was invited by the Court, the Court accepts the addition of Herman Bell as a Plaintiff to this action, and the case caption will be **AMENDED** accordingly.

However, as the State Defendants observe, 28 U.S.C. § 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); State Defs.' Mot. [7] at 7. In *Shepherd*, the Sixth Circuit specifically noted that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." 313 F.3d at 970. By this reasoning, the Court concludes that Plaintiffs' failure to retain counsel has rendered the three minor children unrepresented in this matter. Therefore, any claims asserted on their behalf will be **DISMISSED WITHOUT PREJUDICE**, and the caption will be **AMENDED** to exclude the minor children as Plaintiffs to this action.

Plaintiff Sanders' original filing named the following "State Defendants" to this action: Kelly Palmer, Lisa Trimble, the Michigan Department of Human Services, and the Michigan Department of Health and Human Services.  The Amended Complaint [17] names the Michigan Department of Human Services, and also Kelly Palmer and Lisa Trimble who were employees of that agency and who are now sued in their individual and official capacities.  The Amended Complaint [17] also names the "Department of Human Health."  Counsel for the State Defendants requests that the Court dismiss any claims asserted against the agency variously called the "Michigan Department of Health and Human Services" and the "Department of Human Health."  *See* State Defs.' Mot. [7] at 1.  Noting that a summons addressed to the "Department of Health and Human Services" has been returned unexecuted [13], the Court agrees that the caption should be **AMENDED** to exclude this entity, which appears to be a non-existent agency.

Finally, the Amended Complaint [17] names as Defendants the City of Flint Police Department and several of its employees – Damon Young, Sgt. Ron Nelson, Gail Cotter, Sgt. Kenneth Engel, Sgt. Ronald Pitman, and Rose Fizer – who are sued in their individual and official capacities.  The caption shall be **AMENDED** so as to list the individual City Defendants.

**IN SUMMARY**, after the submission of the Amended Complaint [17], the caption should reflect that the *pro se* Plaintiffs in this matter are Jatora L. Sanders and Herman T. Bell.  Any claims brought on behalf of the minor children are dismissed without prejudice.  Defendants to this action are the Michigan Department of Human Services; also, Kelly Palmer and Lisa Trimble, both sued in their individual and official capacities.  Also a Defendant is the City of Flint Police Department; additionally, Damon Young, Sgt. Ron Nelson, Gail Cotter, Sgt. Kenneth Engel, Sgt. Ronald Pitman, and Rose Fizer, all sued in their individual and official

capacities.

## B. *FACTUAL BACKGROUND*

It appears that this case arose from an incident that occurred at 12:00 a.m. on January 26, 2007, when KSJ, who is a minor child and the daughter of Plaintiff Sanders, called 911 and "stated falsely that allegations of sexual abuse had just occurred." *See* Am. Compl. KSJ identified Plaintiff Bell as the perpetrator of the alleged sexual assault, and City of Flint police officers responded to the call. When Bell emerged from the residence, he was arrested and placed in the patrol car. It is alleged that officers then entered the home to interview the children, and Defendant Fizer, a City of Flint forensic technician, entered the home to take photographs. Plaintiff Bell and the children were all taken to the police station, where Plaintiff Bell was permitted to call Plaintiff Sanders and summon her to the station. In the meantime, Defendant Cotter took KSJ to the hospital for a medical exam. Before questioning, Plaintiff Bell invoked his right to counsel, whereupon it seems he was told that he was charged with criminal sexual conduct. When Plaintiff Sanders arrived at the police station, she informed Defendant Engel that KSJ had a history of fabricating charges of sexual abuse. In return, Defendant Palmer informed Plaintiff Sanders that the children would not immediately be released to her care, and that Plaintiff could call a relative to serve as a temporary foster placement. Plaintiffs allege that subsequently, while the children were in foster care, one began to physically and mentally abuse the other, and that the State Defendants took no action to stop the abuse.

## II. **LEGAL ARGUMENTS**

The Amended Complaint [17] includes eleven counts, most of which invoke the 4th and the 14th Amendments of the United States Constitution as grounds for federal jurisdiction.

### A. *DEFENDANT CITY OF FLINT'S MOTION TO DISMISS* [6]

4

The Defendant City of Flint argues that Plaintiffs have failed to make out a case for municipal liability insofar as there is no allegation that any municipal "policy or custom" caused their alleged injuries. If a municipal body is to be held liable for a constitutional violation, the violation of federal rights must be caused by the execution of a "policy or custom." *See Mitchell v. McNeil*, 487 F.3d 374, 376 (6th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

The Amended Complaint [17] does not identify or fairly imply the existence of any municipal policy or custom that caused Plaintiffs' federal rights to be violated, and Plaintiffs identify no such policy or custom in their Response [15] to the City's Motion to Dismiss [6]. Therefore, the Court finds that Plaintiffs have failed to state an actionable claim against the City of Flint Police Department.

Furthermore, government officials sued in their individual capacities may be held liable only when they violate constitutional rights that are "clearly established." *Id*. (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Counts One through Six of the Amended Complaint [17] pertain to the conduct of the individual police officers. The constitutional claims are vaguely asserted, but Plaintiffs appear to argue that the officers' entry into Plaintiffs' residence constituted an illegal search under the Fourth Amendment, and that Plaintiff Bell's arrest was unconstitutionally effected without a warrant.

In its Reply Brief [16], Defendant City of Flint notes that Plaintiff Bell was arrested outside of his residence after a 911 call received from an occupant of that residence identified him as the perpetrator of a rape. *See* Def.'s Reply Br. at 3. "[T]he warrantless arrest of an individual in a public place upon probable cause [does] not violate the Fourth Amendment." *United States v. Santana*, 427 U.S. 38, 42 (1976) (citing *United States v. Watson*, 423 U.S. 411

91976)). The standard for determining probable cause to make an arrest is whether the facts and circumstances were sufficient to warrant a prudent officer in believing that the suspect had committed or was committing a crime. *Gerstein v. Pugh*, 420 U.S. 103 (1975). Although an anonymous or uncorroborated 911 call would be insufficient to establish probable cause for an arrest, *see Kerman v. City of New York*, 261 F.3d 229 (2nd Cir. 2001), here, Plaintiffs aver in the Amended Complaint that the 911 caller identified herself as the victim of a rape at the residence, and continued to tell some version of the same story when the responding officers arrived. *See* Am. Compl. The Court finds that sufficient information corroborated the 911 call so as to establish probable cause to support Plaintiff Bell's arrest. Thus, the responding officers did not violate any of Plaintiff Bell's "clearly established" constitutional rights, and they cannot be held liable in their individual capacities for their actions relating to his arrest. *See Saucier*, 533 U.S. at 201.

As to the officers' entry into Plaintiffs' residence, the Court holds that exigent circumstances supported the officers' decision to enter the residence to interview the three minor children who were the only remaining occupants of the home after Plaintiff Bell's voluntarily exited the building. *See United States v. Williams*, 354 F.3d 497, 503 (6th Cir. 2003) (noting that "risk of danger to the police or others" has been recognized to support the "exigent circumstances" exception to the Fourth Amendment's warrant requirement). "The Supreme Court has recognized that the warrant requirement of the Fourth Amendment does not necessarily apply to police responding to emergency situations." *Hardesty v. Hamburg Township*, 461 F.3d 646, 655 (6th Cir. 2006) (citing *Mincey v. Arizona*, 437 U.S. 385, 392 (1978) ("Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid.")). The Sixth Circuit has recognized the exigent

6

circumstances exception in the case of police rendering aid to a minor victim of a sexual assault. *See United States v. Johnson*, 22 F.3d 674 (6th Cir. 1994). Similarly, Defendant City of Flint argues here that "the police officers had reason to believe that a rape victim, possibly in need of medical treatment, was inside the house," and that "their actions were amply justified." *See* Defs.' Reply [16] at 3. The Court agrees and, even taking the facts in the light most favorable to Plaintiffs, finds that there was a sufficient basis for the officers to reasonably believe a medical emergency existed. *Cf. Hardesty*, 461 F.3d at 656. Because the exigent circumstances exception applies, the officers did not violate the Fourth Amendment when they entered the Plaintiffs' home, and thus did not violate any of Plaintiffs' "clearly established" constitutional rights, and they cannot be held liable in their individual capacities for their actions relating to his entry. *See Saucier*, 533 U.S. at 201.

For the foregoing reasons, Defendant Flint Police Department's Motion to Dismiss [6] is hereby **GRANTED**. Plaintiffs' Fourth and Fourteenth Amendment claims against the City of Flint Police Department and against the individual officers, in their official and individual capacities, are **DISMISSED WITH PREJUDICE**.

B. *S̲T̲A̲T̲E̲ ̲D̲E̲F̲E̲N̲D̲A̲N̲T̲S̲'̲ ̲M̲O̲T̲I̲O̲N̲ ̲T̲O̲ ̲D̲I̲S̲M̲I̲S̲S̲* [7]

The State Defendants move to dismiss the action against them on several grounds, arguing that neither the Complaint nor the Amended Complaint sufficiently alleges jurisdiction in this Court, and both fail to meet even the basic requirements of asserting a federal cause of action. *See* Defs.' Mot. [7] at 5; State Defs.' Resp. [19] to Pls.' Am. Compl. The State Defendants also note that Plaintiffs have requested forms of relief that this Court has no authority to award, have failed to plead in avoidance of applicable immunity doctrines, and have inappropriately pled claims as improper representatives of the minor children originally named as parties to this action.

7

Counts 7 through 11 of the Amended Complaint [17] appear to regard the State Defendants' allegedly illegal seizure of the children, and the alleged failure of the State Defendants to protect the children from abuse in their foster home. The Court agrees that these counts are not pled with sufficient clarity to provide the State Defendants with meaningful notice of the claims being asserted against them. *See* Fed. R. Civ. P. 12(b)(6). However, it is nevertheless evident that in these counts, Plaintiffs attempt to assert constitutional rights on behalf of the children. They have no standing to do so, because as noted above, the Sixth Circuit has held that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d at 970.

Therefore, Counts 7 through 11 of this action are **DISMISSED WITHOUT PREJUDICE**. If this action is to be reinstated as to the constitutional interests of the minor children, it may be revived **THROUGH COUNSEL** by motion to the Court.

### III. CONCLUSION

For the foregoing reasons, and the Court being fully advised,

**IT IS HEREBY ORDERED** that the minor children be terminated as parties to this case, and that Herman T. Bell be added as a Plaintiff. Defendants to this action are two agencies: the Michigan Department of Human Services, and the City of Flint Police Department. Individual Defendants, sued in their official and individual capacities, are: Kelly Palmer, Lisa Trimble, Damon Young, Ron Nelson, Gail Cotter, Kenneth Engel, Ronald Pitman, and Rose Fizer.

**IT IS FURTHER ORDERED** that Defendant Flint Police Department's Motion to

Dismiss [6] is hereby **GRANTED**. Plaintiffs' Fourth and Fourteenth Amendment claims, as stated in Counts One through Six of the Amended Complaint [17] against the City of Flint Police Department and against the individual officers in their official and individual capacities, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the State Defendants' Motion to Dismiss [7] is hereby **GRANTED**. Counts 7 through 11 of this action are **DISMISSED WITHOUT PREJUDICE**, because they have been improperly asserted by the *pro se* Plaintiffs on behalf of the three minor children. If this action is to be reinstated as to the constitutional interests of the minor children, it may be revived **THROUGH COUNSEL** by motion to the Court.

**SO ORDERED**.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager